```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```

_____
R.N. and A.N. Individually and
on behalf of R.N.,
                                                          14-CV-211

               Plaintiffs,

  V.                                                  DECISION
                                                      AND ORDER

The Board of Education for the
Iroquois Central School District,

               Defendant,
_____

     This matter is before the Court upon the Report and Recommendation (Dkt. No. 34) issued by Magistrate Judge H. Kenneth Schroeder, Jr. ("the R&R") on November 15, 2016. On May 14, 2019, the Honorable Lawrence J. Vilardo assigned the case to the undersigned. For the reasons discussed herein, the Court adopts the R&R in full.

**PROCEDURAL HISTORY**

     Plaintiffs commenced this action on March 27, 2017 (Dkt. No. 1) and Defendant filed and served its Answer on May 12, 2014 (Dkt. No. 10). On May 22, 2014, Magistrate Judge Schroeder was designated to hear and report upon the dispositive motions for consideration by the District Judge (Dkt. No. 13). Thereafter, on December 22, 2014, Defendant filed a motion for summary judgment (Dkt. No. 20) and on April 6, 2015, Plaintiffs filed their cross-motion for summary judgment (Dkt. No. 29-30). On November 15, 2016, the Magistrate Judge issued his R&R and recommended denial of Defendant's motion for summary judgment and

the grant of Plaintiff's cross-motion for summary judgement (Dkt. No. 34). On December 9, 2016, Defendants filed objections to the Magistrate Judge's R&R and Order (Dkt. No. 39).

**BACKGROUND**

Plaintiffs, R.N. and A.N. are the parents of their son R.N. who seeks reimbursement for tuition paid to GOW School for their learning disabled son, R.N. for the period February 1, 2013, to June 30, 2013. Plaintiffs argue that Defendant School District ("District") failed to provide R.N. with a free, appropriate public education ("FAPE") as required by the Individuals with Disabilities Act ("IDEA") 20 U.S.C. §§ 1400 et. seq. "To ensure that qualifying children receive a FAPE (a free appropriate public education) a school district must create an individualized education program ("IEP") for each child. <u>R.E. v. N.Y. City Dept't of Educ.</u>, 694 F.3d 167, 175 (2$^d$ Cir. 2012) (citing 20 U.S.C. § 1414(d)). The IEP is the centerpiece of the IDEA system which is "a written statement that sets out the child's present educational performance, establishes annual and short-term objectives for improvements in that performance, and describes the specially designged instruction and services that will enable the child to meet those objectives." <u>D.D. ex rel. V.D. v. N.Y.C. Bd. Of Educ.</u>, 465 F.3d 503, 507-08 (2d Cir. 2006). Here, the parents, R.N. and A.N., believe that the local CSE failed to provide their disabled child a FAPE and they chose to place their child in a private school at their own financial risk and seek tuition reimbursement. The Court's consideration of the record in its entirety finds that

the Magistrate Judge's reversal of the SRO was correct.

The parents who seek tuition reimbursement for removing the disabled child from Defendant school to private school filed a due process complaint to initiate a hearing before an impartial hearing officer ("IHO") appointed by the local Board of Education. N.Y. Educ. Law § 4404(1). At the hearing "the school district has the burden of demonstrating the appropriateness of the proposed IEP." Grim, 346 F.3d at 379. "An IHO's decision may, in turn, be appealed to a State Review Officer ("SRO") who is an officer of the State's Department of Education." N.Y. Educ. Law § 4402(2). Any "party aggrieved" by the SRO's final administrative decision may seek review of it by bringing a civil action in state or federal court. 20 U.S.C. § 1415(i)(2)(A). Essentially, although the action commenced by Plaintiffs ". . . may call the procedure 'a motion for summary judgment,' the procedure is in substance an appeal from an administrative determination, not a summary judgment [motion]." M.H., 685 F.3d at 226. A reviewing federal court "must engage in an independent review of the administrative record and make a determination based on a 'preponderance of the evidence.'" Judicial review "is by no means an invitation to the courts to substitute their own notions of sound educational policy for those of the school authorities which they review." Gagliardo, 489 F.3d at 113-114.

After reviewing the administrative record, and the evidence considered by the Magistrate Judge together with the objections and memoranda submitted by the parties, I agree with and accept the

Magistrate Judge's recommended conclusion that Defendant's motion for summary judgment (Dkt. No.20) be denied and Plaintiffs' cross-motion for summary judgment (Dkt. No. 29) be granted.  Here, the parents of a learning disabled child cooperated in good faith for years with the CSE and sent a 10-day notice of their intent to unilaterally place their child, R.N., at the GOW School, and they were not "going through the motions" of the CSE referral and evaluation to get tuition reimbursement.  (Dkt. No. 30-1, p. 33-34).  I find that the Magistrate Judge correctly concluded that the equitable factors supported reimbursement of the tuition paid by R.N.'s parents to the GOW School for the period February 2013 through June 2013.

## CONCLUSION

After carefully reviewing the record and the R&R, and for the reasons stated therein, the Court adopts the R&R in its entirety.  Defendant's motion for summary judgment is **DENIED** and Plaintiffs' motion for summary judgment is **GRANTED**.  It is **ORDERED** that Defendant shall reimburse Plaintiffs for tuition they paid to the GOW School for the period February 1, 2013, through June 30, 2013.

**ALL OF THE ABOVE IS SO ORDERED.**

S/Michael A. Telesca

_____
MICHAEL A. TELESCA
United States District Judge

Dated:   Rochester, New York
         May 20, 2019